UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN THOMAS PICKERING-GEORGE,<br><br>                    Plaintiff,<br><br>              -against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | 20-CV-8597 (CM)<br><br>ORDER OF DISMISSAL<br>UNDER 28 U.S.C. § 1651 |

COLLEEN McMAHON, Chief United States District Judge:

By order dated August 25, 2008, Judge Kimba M. Wood barred Plaintiff from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Pickering-George v. City of New York Bronx Cnty.*, No. 08-CV-5112 (KMW) (S.D.N.Y. Aug. 25, 2008), *app. dismissed*, No. 08-5355-cv (2d Cir. May 1, 2009).

By order dated October 6, 2015, Plaintiff was granted leave to file an action seeking review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying his application for benefits. *See Pickering-George v. Comm'r of Soc. Sec.*, ECF 7:15-CV-4650, 7 (S.D.N.Y. Oct. 6, 2015). In a decision and order dated April 6, 2017, Magistrate Judge Paul E. Davison remanded that action to the Commissioner of Social Security for further administrative proceedings consistent with the decision and order. ECF 7:15-CV-4650, 34. When Plaintiff continued to submit voluminous filings in that action, Magistrate Judge Davison issued an order warning Plaintiff that the case is closed and stating that further filings in that action will not be considered by the Court. ECF 7:15-CV-4650, 45. That order further advised Plaintiff that if he wishes to obtain review of further determinations by the Commissioner, he must file a new civil action. (*Id.*)

On October 13, 2020, the Court received from Plaintiff a submission bearing the caption *Pickering-George v. Commissioner of Social Security*, and labeled with case number 15-CV-

4650 (PED).[1] Because Magistrate Judge Davison barred Plaintiff from further filings in that action, the Clerk of Court opened Plaintiff's submission as a new civil action and assigned it this new case number.

But independently of Magistrate Judge Davison's bar order, Plaintiff still must comply with Judge Wood's August 25, 2008 order barring him from bringing any new action IFP without obtaining from the Court leave to file. Because Plaintiff did not pay the $400 in fees required to bring this new civil action, the Court presumes that Plaintiff seeks to proceed IFP. But Plaintiff has not sought leave from the Court to file. This action is therefore dismissed without prejudice for Plaintiff's failure to comply with the August 25, 2008 order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 29, 2020
         New York, New York

                                                    _____
                                                    COLLEEN McMAHON
                                                    Chief United States District Judge

---

[1] The submission is difficult to understand. Plaintiff states that "[t]his is an action seeking court review of [a] decision of the Commissioner of Social Security Administration, et al." (ECF No. 1, at 8.) In his "statement of claim," Plaintiff alleges that "[t]he Commissioner's decision was based on legal error, . . . 1) Entitlement or continuing entitlement, dual entitlement overview, conditions for entitlement and definitions, termination of entitlement and, technical entitlement . . . . 2) Attorney fees payment of fees, . . . . 3) Representative-employees benefits, and federal old-age, survivors and disability insurance." (*Id.* at 9) (all ellipses in original). Plaintiff does not indicate the decision he seeks to challenge nor the date of such decision.