UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN THOMAS PICKERING-GEORGE,

                              Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,
ET AL.,

                              Defendants.

20-CV-8597 (CM)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1651

COLLEEN MCMAHON, United States District Judge:

By order dated August 25, 2008, Judge Kimba M. Wood of this court barred Plaintiff

from filing any new action *in forma pauperis* (IFP) without first obtaining leave to file. *See*

*Pickering-George v. City of New York Bronx Cnty.*, No. 08-CV-5112 (KMW) (S.D.N.Y. Aug. 25,

2008), *app. dismissed*, No. 08-5355-cv (2d Cir. May 1, 2009).

By order dated October 6, 2015, Plaintiff was granted leave to file an action seeking

review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying his

application for benefits. *See Pickering-George v. Comm'r of Soc. Sec.*, ECF 7:15-CV-4650, 7

(S.D.N.Y. Oct. 6, 2015). In a decision and order dated April 6, 2017, Magistrate Judge Paul E.

Davison remanded that action to the Commissioner of Social Security for further administrative

proceedings consistent with the decision and order. ECF 7:15-CV-4650, 34. Plaintiff continued to

submit voluminous filings in that action, and in response, Magistrate Judge Davison issued an

order that further filings in that action will not be considered by the Court. ECF 7:15-CV-4650,

45. That order further advised Plaintiff that if he wishes to obtain review of further

determinations by the Commissioner, he must file a new civil action. (*Id.*)

On October 13, 2020, the Court received from Plaintiff a submission bearing the caption

*Pickering-George v. Commissioner of Social Security*, and labeled with case number 15-CV-4650

(PED). Because Magistrate Judge Davison barred Plaintiff from further filings in that action, the Clerk of Court opened Plaintiff's submission as a new civil action and assigned it this case number. By order dated October 29, 2020, the Court dismissed the complaint for Plaintiff's failure to comply with the August 25, 2008 order that directed Plaintiff to obtain prior permission from the Court before filing any new action. (ECF 2.)

On December 15, 2020, Plaintiff filed a 65-page submission under this docket number. The submission was confusing, but appeared to include (1) a motion for reconsideration of the Court's October 29, 2020 order; (2) a "motion for subpoena and subpoena duces tecum, for permanent injunction, and other equitable relief"; (3) an amended complaint; and (4) motions for leave to file these documents. (*See* ECF 5.) On January 5, 2021, Plaintiff filed an equally confusing submission under this docket number that included documents similar to those included in Plaintiff's December 15, 2020 submission. (*See* ECF 6.) By order dated January 28, 2021, the Court liberally construed Plaintiff's submissions as motions under Fed. R. Civ. P. 59(e) to alter or amend a judgment and motions under Local Civil Rule 6.3 for reconsideration and, in the alternative, as motions under Fed. R. Civ. P. 60(b) for relief from a judgment or order, and denied Plaintiff's motions. (ECF 7.) That order also informed Plaintiff that the Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals, and that if Plaintiff continues to file documents that are frivolous or meritless, the Court would direct Plaintiff to show cause why he should be barred from filing further documents in this action.

On April 1, 2021, Plaintiff submitted a 32-page letter which although confusing, appears to challenge the Court's denial of his motions for reconsideration, asks the Court to add additional defendants to the caption of his complaint, and to issue summonses and "arrest warrants." Plaintiff's submission also appears to include a motion for leave to file the documents.

On August 5, 2021, Plaintiff filed a motion for leave to file an amended complaint and an amended complaint. (ECF 9, 10.) The amended complaint purports to add a number of new defendants and also appears to include excerpts from Plaintiff's previous submissions. The Court has reviewed Plaintiff's submissions and denies Plaintiff's requests. (ECF 8-10.)

Because Plaintiff has failed to heed the Court's warnings, the Court directs Plaintiff to show cause why he should not be barred from filing any further documents in this case. Within thirty days of the date of this order, Plaintiff must submit to this Court a written declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be imposed, the Court will bar Plaintiff from filing any further documents in this case, and the Clerk of Court will be directed to discard all documents received from Plaintiff for filing in this case.

## CONCLUSION

The Court denies Plaintiff's requests. (ECF 8-10.)

Plaintiff shall, within thirty days of the date of this order, show cause by written declaration why an order should not be entered barring Plaintiff from filing any further documents in this case. A declaration form is attached to this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 10, 2021
         New York, New York

_____
         COLLEEN McMAHON
         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                       :
                                                       :        <u>AFFIRMATION</u>
                                                       :        <u>UNDER 28 U.S.C. § 1651</u>
                               Plaintiff,              :
                                                       :        _____ Civ. _____ (     )
               -against-                               :
                                                       :
                                                       :
                                                       :
                               Defendant(s).           :
-------------------------------------------------------------X


      I, _____, make the following Affirmation under the penalties
                    [state your name]
of perjury:

      I am a party in this action and I respectfully submit this Affirmation in response to the

Court's Order dated _____.   I should not barred, under 28 U.S.C. § 1651, from filing

future actions in this Court.  [Please explain.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that the Court not bar me from filing future actions under the terms of the Court's Order, dated _____.


DATED: _____, 20____

_____
Signature

_____
Address

_____
City, State & Zip Code

2