UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN THOMAS PICKERING-GEORGE,

                    Plaintiff,

          -against-

COMMISSIONER OF SOCIAL SECURITY, ET
AL.,

                    Defendants.

20-CV-8597 (CM)

ORDER

COLLEEN MCMAHON, United States District Judge:

By order dated August 25, 2008, Judge Kimba M. Wood of this court barred Plaintiff

from filing any new action *in forma pauperis* (IFP) without first obtaining leave to file. *See*

*Pickering-George v. City of New York Bronx Cnty.*, No. 08-CV-5112 (KMW) (S.D.N.Y. Aug. 25,

2008), *app. dismissed*, No. 08-5355-cv (2d Cir. May 1, 2009).

By order dated October 6, 2015, Plaintiff was granted leave to file an action seeking

review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying his

application for benefits. *See Pickering-George v. Comm'r of Soc. Sec.*, ECF 7:15-CV-4650, 7

(S.D.N.Y. Oct. 6, 2015). In a decision and order dated April 6, 2017, Magistrate Judge Paul E.

Davison remanded that action to the Commissioner of Social Security for further administrative

proceedings consistent with the decision and order. ECF 7:15-CV-4650, 34. Plaintiff continued

to submit voluminous filings in that action, and in response, Magistrate Judge Davison issued an

order that further filings in that action will not be considered by the court. ECF 7:15-CV-4650,

45. That order further advised Plaintiff that if he wishes to obtain review of further

determinations by the Commissioner, he must file a new civil action. (*Id.*)

On October 13, 2020, the Court received from Plaintiff a submission bearing the caption

*Pickering-George v. Commissioner of Social Security*, and labeled with case number 15-CV-

4650 (PED). Because Magistrate Judge Davison had barred Plaintiff from further filings in that action, the Clerk of Court opened Plaintiff's submission as a new civil action and assigned it this case number. By order dated October 29, 2020, the Court dismissed the complaint for Plaintiff's failure to comply with the August 25, 2008, order that directed Plaintiff to obtain prior permission from the Court before filing any new action. (ECF 2.)

On December 15, 2020, Plaintiff filed a 65-page submission under this docket number. By order dated January 28, 2021, the Court liberally construed Plaintiff's submissions as motions under Fed. R. Civ. P. 59(e) to alter or amend a judgment and motions under Local Civil Rule 6.3 for reconsideration and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order, and denied Plaintiff's motions. (ECF 7.) That order also informed Plaintiff that the Court would only accept for filing documents that are directed to the Second Circuit Court of Appeals, and that if Plaintiff continued to file documents that are frivolous or meritless, the Court would direct Plaintiff to show cause why he should not be barred from filing further documents in this action.

On April 1, 2021, Plaintiff submitted a 32-page letter which, although confusing, appeared to challenge the Court's denial of his motions for reconsideration, asked the Court to add additional defendants to the caption of his complaint, and to issue summonses and "arrest warrants." On August 5, 2021, Plaintiff filed a motion for leave to file an amended complaint and an amended complaint. (ECF 9, 10.) By order dated August 10, 2021, the Court denied Plaintiff's requests, and directed him, within 30 days, to show cause why he should not be barred from filing further documents in this case. Plaintiff filed a declaration on October 5, 2021. (ECF 12.)

Plaintiff's 14-page declaration is similar to his prior filings and fails to show cause why the bar order should not issue. Accordingly, Plaintiff is barred from filing any further documents

in this case except for documents that are directed to the Second Circuit Court of Appeals, and the Clerk of Court is directed to discard all documents received from Plaintiff for filing in this case except for documents that are directed to the Second Circuit Court of Appeals.

On September 19, 2022, Plaintiff filed three new documents in this case: a "Motion for Direct Verdict, FRCP. Rule. 50, Judgment As [A] Matter of Law, FCRP. Rule. 50" (ECF 13, 14)[1]; a "Notice of Motion" for a direct verdict and for judgment as a matter of law (ECF 15); and a declaration in support of his motions (ECF 16.) The Court denies Plaintiff's requests. The Court has dismissed this action and denied Plaintiff's motion for reconsideration. Plaintiff's recent submissions are not a departure from his pattern of vexatious litigation. This action remains closed.

## CONCLUSION

The Court denies Plaintiff's requests. (ECF 13-16.)

The Court bars Plaintiff from filing any further documents in this case except for documents that are directed to the Second Circuit Court of Appeals, and the Clerk of Court is directed to discard all documents received from Plaintiff for filing in this case except for documents that are directed to the Second Circuit Court of Appeals.

---

[1] ECF 13 and ECF 14 appear to be identical copies of the same document.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 20, 2022
         New York, New York

_____
COLLEEN McMAHON
United States District Judge